IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff / Respondent, )<br>)<br>v. )<br>)<br>KEVIN H. TATUM, JR., )<br>)<br>Defendant / Petitioner. )<br>)<br>_____) | Case No. 08-20117-03-JWL<br>Case No. 14-2390-JWL |

## **MEMORANDUM AND ORDER**

This matter is presently before the Court on defendant Kevin Tatum's pro se petition to vacate his convictions pursuant to 28 U.S.C. § 2255 (Doc. # 158). For the reasons set forth below, the Court concludes that defendant's petition is untimely, and it therefore **dismisses** the petition.

### I.  **Background**

Defendant was charged with conspiracy to possess cocaine with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a prohibited person (prior felony). On June 1, 2009, defendant pleaded guilty to those charges without a plea agreement, and on September 23, 2009, after a contested hearing, the Court sentenced defendant to a term of imprisonment of 211 months. Defendant did not appeal his conviction or sentence.

On August 7, 2014, defendant filed the instant petition.[1] In Count 1 of his petition, defendant asserts that he is actually innocent of the charged crimes, that his plea of guilty was "fraudulently induced," and that he was "deluded" by his trial counsel into thinking that he committed a crime. In Count 2 of this petition, defendant asserts a claim of ineffective assistance of counsel under the Sixth Amendment. Both claims rest on defendant's arguments that he did not conspire with his two co-defendants to engage in the robbery of drugs from a drug house; that the evidence against him showed only an agreement with the undercover agent; and that his counsel "misinformed" him concerning the required elements for the conspiracy offense (on which the other two offenses were based) by incorrectly telling him that he could be convicted by virtue of a conspiracy with the undercover agent.

## II.   Analysis

The Government first argues that defendant's petition is untimely. Defendant filed his petition well outside the one-year statute of limitations for petitions under Section 2255. *See* 28 U.S.C. § 2255(f). Defendant's sole argument in response is that his petition should be considered because of his actual innocence pursuant to *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013).

---

[1] Defendant filed a Section 2255 petition in June 2014, but he moved to dismiss that petition without prejudice on the basis that it had been inadvertently mailed to the Court before being completed. The Court granted that motion and dismissed the first petition.

In *McQuiggin*, the Court held that "actual innocence, if proved, serves as a gateway through which a [habeas] petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *See id.* at 1928. The Court warned that the scope of this exception is very narrow:

> We caution, however, that tenable actual-innocence gateway pleas are rare: "A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup* [*v. Delo*], 513 U.S. [298, 329 (1995)]; see *House* [*v. Bell*], 547 U.S. [518, 538 (2006)] (emphasizing that the *Schlup* standard is "demanding" and seldom met).

*See McQuiggin*, 133 S. Ct. at 1928. The Court noted that such a showing allowed for an equitable, "miscarriage of justice" exception to the statue of limitations (and not an extension of the time in which to file). *See id.* at 1931, 1932. The Court further defined the exception as follows:

> The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner.

*See id.* at 1933 (internal quotation omitted) (quoting *Schlup*, 513 U.S. at 329). Although a lack of due diligence by the petitioner in seeking relief is not an absolute bar to relief, such a lack may be a relevant factor for a court to consider; "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *See id.* at 1935. "[A] court may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability of evidence of actual innocence." *See id.* (internal quotation omitted) (quoting

3

*Schlup*, 513 U.S. at 332). The Court concluded by again emphasizing the narrow reach of the exception:

> We stress once again that the *Schlup* standard is demanding. The gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.

*See id.* at 1936 (internal quotation omitted) (quoting *Schlup*, 513 U.S. at 316).[2]

The Court concludes that defendant has not met this demanding standard for the actual-innocence exception to the statute of limitations. First, the exception requires the submission of new evidence. *See McQuiggin*, 133 S. Ct. at 1933; *Frost v. Pryor*, 749 F.3d 1212, 1231-32 (10th Cir. 2014) ("To make a credible showing of actual innocence, a petitioner must support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial.") (internal quotations and citations omitted).[3]

---

[2] It appears that defendant has asserted actual innocence not only as a "gateway" to the assertion of the his Sixth Amendment claim, but also as a freestanding claim in his Section 2255 petition. Neither the Supreme Court nor the Tenth Circuit has decided whether such a such a freestanding claim may be maintained. *See McQuiggin*, 133 S. Ct. 1931; *Doe v. Jones*, 762 F.3d 1174, 1184 (10th Cir. 2014); *Heard v. Addison*, 728 F.3d 1170, 1174 n.1 (10th Cir. 2013). The Tenth Circuit has noted, however, that the threshold showing for such a claim would be "extraordinarily high." *See Heard*, 728 F.3d at 1174 n.1 (quoting *House v. Bell*, 547 U.S. 518, 520 (2006)). This Court need not decide whether such a freestanding claim could be maintained, however, in light of its conclusion that defendant has not satisfied the actual-innocence gateway standard under *McQuiggin*.

[3] In unpublished cases, the Tenth Circuit has consistently rejected actual-innocence assertions under *McQuiggin* in the absence of new evidence. *See, e.g.*, *Nouri v. Farris*, 2014 WL 3973532, at *1 (10th Cir. Aug. 15, 2014); *Christie v. Byrd*, 573 F. App'x 758,
(continued...)

Defendant does not claim that new evidence has only recently been discovered. Rather, he states that he learned only last April from another inmate that the law does not allow for a conspiracy solely with a government agent. *See United States v. Barboa*, 777 F.2d 1420, 1422 (10th Cir. 1985) ("[T]here can be no indictable conspiracy involving only the defendant and government agents or informers.") (footnote omitted). Thus, defendant has not supported his actual innocence claim with new evidence as required. Defendant has submitted affidavits by himself[4] and by a co-defendant, which state that defendant did not reach any agreement with his two co-defendants and that he was not going to participate in the planned robbery. Any such alleged fact of defendant's non-involvement, however, was known to defendant at the time of his guilty plea and would have been available for presentation at a trial, and thus does not constitute new evidence here. Nor are such statements by defendant and his co-defendant the type of independent or corroborating evidence that ordinarily supports a credible claim of actual innocence. *See Frost*, 749 F.3d at 1231-32 ("To make a credible showing of actual innocence, a petitioner must support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness

---

[3](...continued)
759 (10th Cir. 2014); *Johnson v. Medina*, 547 F. App'x 880, 885 (10th Cir. 2013); *Battle v. New Mexico*, 546 F. App'x 789, 791 (10th Cir. 2013); *Garza v. Wyoming State Penitentiary Warden*, 528 F. App'x 910, 913-14 (10th Cir. 2013).

[4]The Court notes that the affidavit by defendant was not signed. Nor did defendant sign his petition, supporting memorandum, or reply memorandum.

accounts, or critical physical evidence—that was not presented at trial.") (internal quotations and citations omitted).

Second, defendant's delay in asserting this claim weighs against a finding of actual innocence here. In *McQuiggin*, the Supreme Court held that although diligence by the petitioner is not an absolute prerequisite for relief under the actual-innocence exception, a lack of diligence or an unexplained delay may be a factor weighing against a finding of actual innocence. *See McQuiggin*, 133 S. Ct. at 1935. In this case, the fact that defendant waited five years to assert facts already in his possession undermines the reliability of his claim of actual innocence.

Third, defendant's guilty plea also weighs against a finding of actual innocence in this case. Defendant was charged in the indictment with conspiring with his two co-defendants (and not merely with the undercover agent or unknown persons), and he pleaded guilty to that charge. In accepting that plea, the Court found that defendant competently and voluntarily decided to plead guilty. That knowing plea undercuts the reliability of defendant's present assertion that he did not conspire with his co-defendants. *See O'Bryant v. Oklahoma*, 568 F. App'x 632, 637 (10th Cir. 2014) (unpub. op.) (in denying assertion of actual innocence under *McQuiggin*, court took into account that the petitioner's conviction was based on a guilty plea predicated on representations of competence and voluntariness and on findings by the district court); *Johnson*, 547 F. App'x at 885 (guilty plea undermines claim that another committed the crime); *Battle*, 546 F. App'x at 791 (because defendant pleaded guilty, he did not present evidence of

his innocence at trial, and he is bound by that strategic decision not to go to trial).

Finally, defendant's evidence is not sufficiently strong and reliable to satisfy the actual-innocence standard. At the time defendant chose to plead guilty, the Government offered into evidence a factual basis for the plea, which statement included evidence that defendant was in fact involved in the charged conspiracy. For instance, one co-defendant told the undercover agent that he had an additional person to help with the robbery, and he then showed up on the day of the robbery with defendant. Defendant then discussed the planned robbery in detail and at length with the agent, with defendant making suggestions for how the crime should proceed. After that discussion, defendant told his co-defendants that he believed that the agent was legitimate. After the arrest, defendant and a co-defendant were found with masks and gloves in their possession. In light of such evidence, and despite the denials of defendant and his co-defendant, the Court cannot conclude that no reasonable juror could vote in favor of conviction. In so concluding, the Court notes that, contrary to defendant's argument, he need not have entered into any specific agreement with his co-defendants in order to be guilty of the charged conspiracy. Had the case gone to trial, the jury would have been instructed that to be guilty of conspiracy, defendant only needed to have been aware of the goals of the conspiracy and to have chosen to join it; no express or formal agreement is required. *See Criminal Pattern Jury Instructions* § 2.87 (10th Cir. 2011).

For these reasons, the Court concludes that this is not the rare case suitable for application of the actual-innocence exception to the statute of limitations. Accordingly,

7

the Court dismisses defendant's petition as untimely.[5]

### III. Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[6] To satisfy this standard, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). Because it is clear that defendant's petition was untimely and that defendant has not satisfied the requirements for the actual-innocence exception, the Court denies a certificate of appealability.

IT IS THEREFORE ORDERED BY THE COURT that defendant's petition to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. # 158) is hereby **dismissed**.

---

[5]In light of this conclusion, the Court does not address the merits of defendant's Sixth Amendment claim.

[6]The denial of a Section 2255 petition is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

IT IS SO ORDERED.

Dated this 12th day of November, 2014, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
