IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff / Respondent, )<br>)<br>v. )<br>)<br>KEVIN H. TATUM, JR., )<br>)<br>Defendant / Petitioner. )<br>)<br>_____) | Case No. 08-20117-03-JWL<br>Case No. 14-2390-JWL |

## **MEMORANDUM AND ORDER**

This matter is presently before the Court on defendant Kevin Tatum's motion (Doc. # 164) for reconsideration of the Court's order by which it dismissed defendant's Section 2255 petition as untimely. The Court **denies** the motion for reconsideration.

As the Court noted in its prior order, defendant's sole argument on the issue of timeliness was that he satisfied that "actual innocence" exception to the statute of limitations recognized in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). In concluding that defendant did not meet the Supreme Court's demanding standard for that exception, the Court cited four reasons: (1) defendant did not submit new evidence; (2) defendant's long delay in filing the petition weighed against a finding of actual innocence; (3) defendant voluntarily entered a plea of guilty; and (4) defendant's evidence was not strong enough to establish his actual innocence, in light of the evidence of his guilt.

In seeking reconsideration, defendant again stresses his allegations that his

counsel incorrectly told him that he could be convicted of conspiracy based on an agreement with the undercover officer, and that his counsel convinced him to plead guilty for that reason, despite his protestations to his counsel that he had not entered into an agreement with the alleged co-conspirators and that he wished to proceed to trial. Defendant argues that the Court failed to consider his counsel's ineffective assistance in considering the exception.

Defendant has not established, however, that the Court erred in finding that defendant failed to satisfy the requirements of the actual-innocence exception under *McQuiggin*. In particular, although defendant points to the affidavits that he and a co-defendant submitted, he has not addressed the Court's finding that such evidence was not new as required, as any facts relating to defendant's involvement or non-involvement in the conspiracy would have been known to defendant from the beginning. Moreover, defendant has not addressed the Court's finding that reasonable jurors could still have found in favor of guilt despite the evidence from defendant and the other affiant. Defendant complains that the Court did not consider the failings of his attorney; such failings, however, would not bear on defendant's actual innocence—whether he actually participated in the charged conspiracy. Thus, regardless of the reasons for his guilty plea, defendant failed to establish his actual innocence of the charge, and therefore the Court properly dismissed his Section 2255 petition as untimely.

IT IS THEREFORE ORDERED BY THE COURT that defendant's motion for

reconsideration (Doc. # 164) is hereby **denied**.

      IT IS SO ORDERED.

      Dated this 4th day of February, 2015, in Kansas City, Kansas.

                                                s/ John W. Lungstrum
                                                John W. Lungstrum
                                                United States District Judge